NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARK RICHARD PRASCH,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2012-3185

---

Appeal from the Merit Systems Protection Board in No. AT0845110223-I-1.

---

Decided: February 11, 2013

---

MARK RICHARD PRASCH, of Goose Creek, South Carolina, pro se.

GREGG PARIS YATES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director.

---

Before NEWMAN, BRYSON, and MOORE, *Circuit Judges.*

PER CURIAM.

## DECISION

Mark Richard Prasch seeks review of a decision of the Merit Systems Protection Board affirming a decision by the Office of Personnel Management ("OPM") that he had received an overpayment of annuity benefits and was not entitled to a waiver of OPM's right to recover that overpayment. We affirm.

## BACKGROUND

Mr. Prasch worked as a mail carrier for the United States Postal Service until suffering a work-related back injury. The injury was compensable under the Federal Employees' Compensation Act ("FECA"), and he began receiving benefits from the Office of Workers' Compensation Programs ("OWCP") in December 2007. Those payments continued until October 2008. In February 2008, Mr. Prasch applied to OPM for disability retirement. OPM approved his application in July and promptly deposited $14,640.27 into his checking account, which represented retroactive retirement annuity payments from December 2007 through the approval of his application. Over the next three months, until October 2008, OPM paid him another $5,869.60 in retirement annuity benefits.

OPM later determined that Mr. Prasch had received FECA disability benefits from OWCP during the same period that OPM was paying him retirement annuity benefits. Because governing statutes prohibit the receipt of dual benefits, OPM adjusted the commencement date of Mr. Prasch's retirement annuity and computed an overpayment of $14,703.62. In October 2009, OPM sent

Mr. Prasch notice of the overpayment and provided him with a proposed repayment schedule.

Mr. Prasch requested a waiver of the repayment obligation, lower installments, or a compromise payment, but he did not ask for reconsideration of OPM's decisions as to the existence of the overpayment or its amount. In support of his request for a waiver, he stated that he had been told that the payments were proper and that repayment would "put an undue burden on [his] family financially." He also offered $5,869.60 as a compromise amount. In October 2010, OPM affirmed its initial decision, finding that Mr. Prasch should have known that he could not receive dual benefits and rejecting his claim of financial hardship and his offer of a compromise amount. However, OPM reduced the amount of his monthly withholdings by extending the time for repayment.

Mr. Prasch appealed to the Merit Systems Protection Board. He complained that the process had "taken so long [his] financial situation ha[d] changed," and he requested reconsideration in light of his current financial circumstances. In July 2011, an administrative judge affirmed the agency's decision. The administrative judge noted that Mr. Prasch did not dispute the $14,703.62 overpayment. As to Mr. Prasch's request for a waiver of the repayment obligation, the administrative judge found that Mr. Prasch had failed to show that he was entitled to a waiver because he should have known that he was not entitled to the lump-sum payment that he received. Finally, the administrative judge examined the income and expenses of Mr. Prasch's family, including his wife and three children, and found that he was not entitled to an adjustment based on financial hardship.

Mr. Prasch filed a petition for review with the full Board, arguing again that his monthly bills had been incorrectly computed and that the repayment placed a financial burden on his family. The Board denied his

petition in June 2012. The Board agreed that Mr. Prasch was not entitled to a waiver of overpayment both because he was not without fault and because recovery was not against equity and good conscience. The Board also rejected Mr. Prasch's request for an adjustment to the repayment schedule.

## DISCUSSION

Because recovery of annuity benefits "may not be made from an individual when, in the judgment of Office of Personnel Management, the individual is without fault and recovery would be against equity and good conscience," 5 U.S.C. § 8346(b), we have frequently recognized that "OPM has discretion to determine whether to waive recovery of overpayments," *Grabis v. Office of Pers. Mgmt.*, 424 F.3d 1265, 1270-71 (Fed. Cir. 2005).

In this court, Mr. Prasch does not take issue with the fact of his overpayment nor does he contend that the Board applied the wrong law in reviewing OPM's discretionary decision regarding his waiver request. Rather, he argues that "the process has taken so long" that his "financial situation has changed." He explains that he is "going through a divorce and [cannot] afford at this time to meet [his] monthly expenses." He therefore requests that this court "relieve [him] of the debt to OPM." OPM responds that "[i]f Mr. Prasch has specific information that his income or expenses have changed to such a degree as to require a change in the recovery schedule, a compromise, or a possible waiver, he must submit such a claim to OPM in a separate proceeding." It contends that "[t]he agency, and not this Court, is in the best position to receive detailed new evidence to support Mr. Prasch's changed financial circumstances."

We agree with OPM. We are charged with review of the record before the Board, 5 U.S.C. § 7703(c), and the facts relating to the alleged change in Mr. Prasch's financial situation were not before the Board. The administra-

tive judge's careful review of Mr. Prasch's income and expenses addressed the finances of a married couple with three children. Mr. Prasch has represented to this court, however, that his "financial situation has drastically changed," and he has submitted, for example, documentation concerning his child support payments. Although OPM typically accounts for such expenses in considering waiver and financial hardship, 5 C.F.R. § 845.305, this court is not the proper forum for doing so in the first instance.

OPM is authorized to reconsider whether to waive or adjust recovery of overpayments due to changes in a debtor's financial circumstances. Section I.D.12 of OPM's *Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and the Federal Employees' Retirement System* explains that agency policy "is not to reopen a closed waiver case" but that "[i]f a debtor's financial circumstances have changed so drastically that the set rate of collection now imposes a severe financial hardship, consideration should be given to one of the following: lowering the installments . . . , compromise . . . , suspension . . . , or write-off . . . ." That guidance is consistent with OPM's argument to this court. Mr. Prasch's claim that his financial circumstances have changed since the time of the Board's decision is not a basis for overturning that decision. His new arguments and evidence should be first presented to OPM.

No costs.

**AFFIRMED**