NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOEL R. MUELLER,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2014-3213

---

Petition for review of the Merit Systems Protection Board in No. DE-831E-13-0269-I-1.

---

Decided:  April 13, 2015

---

JOEL R. MUELLER, Erie, CO, pro se.

CHRISTOPHER L. HARLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before PROST, *Chief Judge,* SCHALL and WALLACH, *Circuit Judges.*

PER CURIAM.

Joel R. Mueller appeals from the decision of the Merit Systems Protection Board ("Board") dismissing his appeal as withdrawn. Because Mr. Mueller voluntarily withdrew his appeal after being informed of the consequences, we affirm.

Mr. Mueller petitioned the Board to review the commencement date of his retirement annuity. That date affected the determination of his length of service and the amount of annuity payments he receives. Mr. Mueller argues that the commencement date should have been based on September 25, 2002, his separation date. The Office of Personnel Management ("OPM") instead used July 4, 2001, the last day Mr. Mueller was in pay status. Both dates are permissible for the commencement of a civil service retirement annuity. Unless the retiree requests otherwise, the OPM uses the "pay cease date" because it will be to the retiree's advantage under most circumstances.

OPM explained the options available to Mr. Mueller in a letter dated June 21, 2013 while his appeal was pending before an administrative judge at the Board's Denver field office. OPM allowed Mr. Mueller to change his annuity commencement to the later date, which would result in a $38 dollar increase in monthly payments. But Mr. Mueller would then be required to repay the annuity payments he received between July 4, 2001 and September 25, 2002. Having no means to repay the annuity payments between 2001 and 2002, Mr. Mueller voluntarily withdrew his appeal pending before the Board. The administrative judge informed Mr. Mueller that his withdrawal of appeal was an act of finality and, absent unusual circumstances, he may not refile. The administrative judge dismissed Mr. Mueller's appeal with prejudice on July 29, 2013.

Mr. Mueller then petitioned the Board for review of the dismissal of his appeal as withdrawn. The Board found that the administrative judge fully explained the finality of Mr. Mueller's withdrawal and that Mr. Mueller presented no basis for reversing the decision by the administrative judge. The Board thus affirmed the dismissal of Mr. Mueller's appeal as withdrawn.

On appeal to this court, Mr. Mueller acknowledges that he had voluntarily withdrawn his appeal. ECF No. 19. But Mr. Mueller repeats his belief that his former agency, the Postal Service, made a mistake by using the wrong date to calculate the annuity payments. Mr. Mueller also discusses the financial hardships that are preventing him from repaying the benefits he received prior to the annuity commencement date that he is seeking.

We are sympathetic to Mr. Mueller's hardships. The hardships may be considered by the OPM, in the exercise of its discretion, to waive a repayment obligation. *Prasch v. Office of Pers. Mgmt.*, 499 F. App'x 968, 970 (Feb. 11, 2013). But the request for waiver must be first presented to the OPM along with the necessary supporting evidence, which Mr. Mueller did not do. *See id.* The Board thus did not have the chance to address any waiver request. The record before the Board limits what we can review. 5 U.S.C. § 7703(c). We are therefore powerless to address any difficulties with a potential repayment of benefits received previously.

We can only review the Board's affirmance of the dismissal of Mr. Mueller's appeal as withdrawn. We may set aside the Board's decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

None of these apply to this case. We thus affirm the Board's decision.

## AFFIRMED

### COSTS

Each party shall bear their own.